## TWOMBLY *v.* MADBURY.

The appeal allowed by Rev. Stat. ch. 51, § 8, to land owners dissatisfied with the appraisal of the road commissioners, may be taken in the form of a petition to the court, and entered in the usual mode of entering civil actions.

APPEAL from an award of damages by the road commissioners, taken in the form of a petition to the court of common pleas for this county.

In the petition it was alleged that Ebenezer Buzzell & a. filed their petition in the court of common pleas at the August term, 1851, setting forth that there was occasion for widening and straightening a public highway in said town; that the selectmen of the town, on petition to them therefor, had refused so to widen and straighten said highway, and praying that the same be widened and straightened. It was further alleged in the petition that said petition of Buzzell & a. was by order of the court of common pleas, after due notice to said town, referred to the road commissioners, who acted thereon by widening and straightening said highway, and made their report in due form of their proceedings thereon to the court of common pleas, at the August term, 1852, and which report was then accepted by that court; that in widening and straightening said highway the commissioners took a certain tract of the land of the petitioner therefor, and that they awarded to him a certain sum for his damages, on account of the land so taken, by which award

Twombly *v.* Madbury.

the petitioner is aggrieved, and from which he appeals, and prays that his damages may be assessed by a jury.

The petition in this case was entered on the docket of the court of common pleas, at the August term, 1852, among the entries on the civil list, and an order of notice was then issued on said town, to appear at the next term of said court, which was duly served on the town, and at the January term, 1853, of that court, the town of Madbury appeared by counsel, and answered to the petition, and it was continued. At the August term, 1853, of the court of common pleas, an issue was made and joined, upon the sufficiency of the damages awarded by the commissioners, after which, and before the case was opened to the jury, the town of Madbury objected that the appeal was not properly taken. Upon the sessions docket of the court of common pleas for said August term, 1852, are the following entries in the case of the petition of said Buzzell & a. to wit:

The appeal from the award of the commissioners was claimed by the petitioner in no other manner than by filing the petition in this case, and the town moved, for that cause, that the petition be dismissed, but the court denied the motion. The cause was then submitted to a jury, who returned a verdict for the petitioner for an increased amount of damages.

The town then moved to dismiss the petition for the cause aforesaid.

*Christie & Kingman*, for the appellee.

The appeal was not taken in season, nor in the proper mode.

It should have been claimed at the same term at which the commissioners' report was made, and notice of it then brought to the knowledge of the defendant, by filing a claim of appeal, in writing, with the clerk and giving notice thereof in open court, and having the same entered upon the docket under the case in which the commissioners' re-

port had been made and entered, and of this the defendant would have been bound to take notice.

The petitioner, the town and the land owners, are all notified of, and in law privy to all the doings of the commissioners, and are all, in contemplation of law, at least, in court at the term when the report is returned, and a claim and prosecution of an appeal by any one entitled thereto, is but a continuation of the same proceeding in the same court, and no new notice can be necessary, or should be required.

The land owners are all parties to the proceeding, as are also the town or towns concerned, and they and the towns are alike bound to take notice of whatever and all that is lawfully moved or done in court touching the report or award of damages made by the commissioners.

A land owner has as much right, in open court, to claim an appeal from the award of damages to him, and to have a trial by jury touching the same, without giving any notice thereof, other than by making his claim at the return term, in open court, and having it entered upon the docket, as part of the proceeding in such report, as he has to object to the acceptance of said report or award, for any cause whatever, or for any cause to take exception to the same.

All the parties being then in court, are bound at their peril to take notice of whatever is lawfully moved or done, touching the report or award of the commissioners, in open court, as well an appeal therefrom and jury trial thereon, as any other objection thereto, while the same or any other question arising thereon or growing thereout, is pending and undisposed of.

The proceeding and all the parties being, upon due notice, already in the appellate court, any party wishing to have the question of his damages there revised; as provided in the statute, has but to claim and move to have it so done, and all concerned are bound to take notice.

There is no such discontinuance of the proceedings as to require any new notice or revivor thereof.

As an appeal can only be taken or claimed at the return term, and as the parties are both then in court, or should be, and are notified to be so if they choose, if no claim of appeal be at that term made in open court, or at least entered upon the docket, under the principal case, the town has a right to suppose that the land owners are all satisfied with the award of the commissioners. The commissioners are required to file in the town clerk's office, a copy of their awards, at least fourteen days before the return term. And thus the land owners are notified of the awards in season to appear at the return term and claim appeals if they so intend, and of such appeals the town must take notice at their peril, as much as of the laying out of the highway.

The object of the fourteen days' notice to the land owners, by the copy of awards required to be filed in the clerk's office, is to enable them, if dissatisfied, to claim the appeals at the return term, and thus have them determined in the cheapest and most expeditious way; while the mode adopted in this case, tends to much delay, and great enhancement of expense.

Cases of this kind have no analogy to cases of petitions to the court of common pleas for redress, where selectmen have laid out a highway and awarded damages. In this latter case, the parties are not, and never have been, in the appellate court, and, moreover, it is expressly provided that there shall be a petition to the court of common pleas, and that they shall give notice to the town. Comp. Stat. 138, § 9.

This case is rather like the case of a claim of a jury trial against a trustee, after a disclosure taken.

*Woodman, Wells* and *Bell*, for the appellant, contended,

1. That the appeal was rightly taken. Rev. Stat. ch. 51, §§ 7 and 8; Comp. Stat. 343, § 11; 140, § 8.

Twombly *v.* Madbury.

2. That the appeal is taken in accordance with general practice.

3. That land owners are not to be considered parties in court to said petition, until they come in or are cited in. No execution issues for their damages—they must bring their actions therefor.

4. That when judgment is rendered on the report, the action should pass from the docket; and the petitioners not be held to continue their petition on the docket until all the appeals which may be taken by land owners shall be determined.

5. The defendants are estopped from taking their exception, both by their general appearance and the imparlance of the action, and by their pleading to the merits of the petition.

WOODS, J. By the provisions of chapter 51 section 8 of the Revised Statutes, an owner of land through which a road laid out by the road commissioners passes, being dissatisfied with the amount of damages awarded him by the commissioners, upon laying out the road, may appeal to the court of common pleas next to be holden in the county, and not afterwards; and thereupon the court shall assess his damages by a jury.

These provisions were substituted for those of the statutes of 1791 and 1829, which gave redress in such cases of dissatisfaction, in the form of a " petition " to the court of general sessions, or, after the change in the system of the courts, to the court of common pleas. Laws of N. H. 386, 574.

The form of appeal adopted in the present case, which was a petition addressed to the court of common pleas, setting forth the facts, is one which has obtained to a very considerable extent in the State, if it be not in fact the one in most general use, since the passage of the Revised Statutes.

The petition or writing claims the appeal given by the statute, and asks that the matter of the damages may be tried by a jury in the court of common pleas. It was entered upon the docket at the August term, 1852, in the civil list, and an order of notice, then issued, was duly served upon the town. At the term ensuing, counsel appeared for the town, and the cause was continued; and at the August term, 1853, an issue was joined.

The appeal was claimed in no other way than by entering and filing the petition, and for that reason, the town moved that the proceedings be dismissed. The motion was denied, and the trial resulted in a verdict for an increased amount of damages.

At that term, but before the case was opened to the jury, the defendant objected to the form of the appeal adopted, and insisted that instead of a petition separately entered in the name of the appellant, an entry or memorandum should have been made upon the docket, in connection with the entry of the original petition for the laying out of the highway, as being part of the proceedings under it.

If that course had been a sufficient appeal, we think the one which was pursued was certainly so. And without saying that the mode pointed out by the defendants may not be sufficient, we think that if it be so, this is. No reason occurs to us opposed to this view. Besides, as we have seen, it is sanctioned by usage.

The statute points out no mode of instituting the appeal; but it contains no words indicating that the mode previously in use, in the form of a petition, may not be as fit and proper as any. And it makes no material changes in the process and forms of laying out the road, which ought to dispense with that notice to the appellee, the town, which may be effectually given by an order of notice upon a petition. It makes no changes in the proceedings that should afford ground to believe that notice to the town, as formal and perfect, at least, as the notice ordinarily given upon pe-

titions, was intended to be dispensed with. And in what way can the town be better advertised of the appeal? What other safe way can be pointed out by which the town can receive notice at all, but by sending to court to inquire if the memorandum has been entered upon the docket, in a case in which it may have ceased to litigate? Such a course of proceeding could have no claim of advantage over the one adopted in the present case, excepting that of novelty. If the land owner has the period intervening between the award of damages and the term of court having cognizance of the commissioners' report, to make his election on the subject of the appeal, the town seems to be provided with no other means of having the appeal notified to its agents.

In short, without being prepared to say that the mode of taking the appeal which the defendants point out is a faulty or insufficient one, we are inclined to give a preference to the one which was adopted in this case. The motion in this case is therefore denied, and there must be,

*Judgment on the verdict.*